Filed 9/11/24  In re Vera M. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re VERA M., a Person Coming Under the Juvenile Court Law. | B335424 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super Ct. No. 21CCJP03165A) |
| Plaintiff and Respondent, | |
| v. | |
| MARISSA W., | |
| Defendant and Appellant. | |

APPEAL from findings and orders of the Superior Court of Los Angeles County.  Mark A. Davis, Judge.  Appeal dismissed.

Marissa W., in pro. per.; and Aida Aslanian, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Both Marissa W. (Mother) and E.M. (Father) appealed from the trial court order terminating their parental rights for Vera M., who is now five years old. Counsel representing Mother and Father each filed briefs identifying no arguable issue for appeal consistent with *In re Phoenix H.* (2009) 47 Cal.4th 835, 843–844 (*Phoenix H*.). Thereafter, Mother filed a supplemental brief and Father did not. Consequently, this court dismissed Father's appeal as abandoned. We now address whether Mother raised arguable issues for appeal in her supplemental brief.

On August 30, 2021, the trial court asserted jurisdiction over Vera finding that Mother's mental health, substance abuse, and failure to protect from Father's domestic abuse presented a risk to Vera. The trial court also asserted jurisdiction over Vera due to sustained allegations based on Father's conduct. At disposition, the trial court removed Vera from both parents and ordered family reunification services. Mother's case plan included a parenting program, individual counseling, a substance abuse program with aftercare, drug and alcohol testing, a 12-step program, a domestic violence program with a support group, mental health counseling, a psychological assessment, a psychiatric evaluation, and an order to take psychotropic medication.

On January 10, 2022, the trial court ordered that Vera's maternal grandmother was to be a co-educational rights holder for Vera.

On March 1, 2022, the trial court proceeded with the six-month review hearing where it continued Mother's reunification services after finding Mother minimally complied with her case plan. The trial court did not return Vera to Mother's care. On September 21, 2022, the trial court presided over the 12-

2

month review hearing, and found Mother's case plan progress to be unsubstantial. The trial court again ruled that Vera would not be returned to Mother. Instead, the trial court terminated Mother's reunification services and set a permanency planning hearing under Welfare and Institutions Code section 366.26. On January 18, 2023, after a permanency planning hearing, the trial court found notice to be sufficient for Mother, but not for Father. Other than addressing notice, the trial court did not proceed with the hearing on that day. Thereafter, the trial court continued the matter multiple times while continuing to note that notice was proper for Mother.

On February 26, 2024, the trial court conducted the permanency planning hearing. Both the Los Angeles County Department of Children and Family Services and Vera's counsel asked the trial court to terminate parental rights. Mother was not present for the hearing, but Mother's counsel objected to the termination of parental rights and asked the court to order a legal guardianship. Father was present for the hearing. However, the court briefly removed Father when he interrupted the hearing with vulgarities before ultimately allowing Father to listen to the conclusion of the hearing on his counsel's phone while Father was muted. Father's counsel objected to the termination of Father's parental rights and offered argument on his behalf. After considering argument and weighing the evidence, the trial court terminated Mother's and Father's parental rights.

This court presumes a trial court judgment is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) An appellant bears the burden of establishing error. Where an appellant does not establish an error, we may dismiss the appeal.

(*In re Sade C.* (1996) 13 Cal.4th 952, 994 (*Sade C.*).) Unlike in a criminal case, we have no duty to conduct an independent review of the record. (*Phoenix H.*, *supra*, 47 Cal.4th at pp. 841–843.)

Here, on August 8, 2024, Mother filed a supplemental brief after her counsel filed a *Phoenix H.* brief. Mother argues that she has turned around her life and completed an inpatient domestic violence program, among other important changes she has made. Mother asks for return of Vera because of these changes. While commendable that Mother indicates she has completed programs, a child cannot be returned to a parent's care in a permanency and planning hearing. (*In re Caden C.* (2021) 11 Cal.5th 614, 630.) Thus, Mother does not present an arguable issue for appeal on this front. In addition, Mother also argues that she did not have notice of hearings beginning in November 2023, but the record indicates that notice was sufficient to Mother in January 2023 for the permanency planning hearing. Finally, Mother has not presented any arguable issue regarding any potential parental-benefit exception. (*Id.* at p. 632.) We accordingly dismiss Mother's appeal. (*Phoenix H.*, *supra*, 47 Cal.4th at p. 846; *Sade C.*, *supra*, 13 Cal.4th at p. 994.)

## DISPOSITION

The appeal is dismissed.

VIRAMONTES, J.

WE CONCUR:

STRATTON, P. J.          WILEY, J.

4